UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHATEAU MANAGEMENT, LLC** * | **CIVIL ACTION NO.: 23-6053** |
| **AND CHATEAU MAGIC NOLA, LLC** * | |
| * | **SECTION:** |
| * | |
| **VERSUS** * | **JUDGE:** |
| * | |
| **UNDERWRITERS AT LLOYD'S** * | **MAGISTRATE:** |
| **LONDON AND EAGAN INSURANCE** * | |
| **AGENCY, LLC** * | |
| ************************************ | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, **CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SEVERALLY SUBSCBRIBING TO POLICY NO. JTA450577** (incorrectly identified as "Underwriters at Lloyd's London"), through undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446 hereby gives notice of the removal of this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. The grounds for removal are as follows:

## BACKGROUND

1. On or about December 29, 2022, Plaintiffs, Chateau Management, LLC and Chateau Magic NOLA, LLC, filed a *Petition for Damages (*the "Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, captioned "Chateau Management, LLC and Chateau Magic NOLA, LLC v. Underwriters at Lloyd's, London and Eagan Insurance Agency;" and

assigned Case No. 2022-11812. A copy of the *Petition*, including the process and pleadings issued to Certain Underwriters' registered agent for service of process, is attached hereto as Exhibit "A."

2. Defendant, Certain Underwriters, was served with the Petition, via the Louisiana Secretary of State on September 12, 2023. *See*, Exhibit "A".

3. The Civil District Court for the Parish of Orleans, State of Louisiana, is a state court within the Eastern District of Louisiana. 28 U.S.C. § 1441(a).

## REMOVAL IS TIMELY

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

5. The instant Notice of Removal has been filed within thirty (30) days of service, and the removal of this action is timely in accordance with 28 U.S.C. § 1446(b). See Fed. R. Civ. P. 6(a)(1)(A)-(C).

## SUBJECT MATTER JURISDICTION

6. This Court has original jurisdiction over Plaintiffs' claims because the parties are completely diverse and because the alleged damages exceed the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

### *The Parties Are Completely Diverse*

7. Plaintiffs are Louisiana limited liability companies located in Orleans Parish. *See,* Pet. at ¶ 2. Accordingly, Plaintiffs are citizens of Louisiana.

8. Defendants, Certain Underwriters, are comprised of two syndicates subscribing to Policy No. JTA450577: Syndicate 4000 (HAM 4000) (85%) and Syndicate 3268 (AGR 3268) (15%). *See*, Exhibit "B." Syndicate 4000, is managed by Hamilton Managing Agency Ltd., which is a wholly owned (100%) subsidiary of Hamilton Insurance Group Ltd., a Bermudan company with its principal place of business in Hamilton, Bermuda. Syndicate 3268 is managed by Agora Syndicate Services Ltd. and Asta Managing Agency Ltd. Agora Syndicate Services Ltd. is now a wholly owned subsidiary of IQUW UK Ltd., whose ultimate parent is IQUW Holdings Bermuda Ltd. ("IQUW HBL") IQUW HBL is a Bermudan company with its principal place of business in Pembroke, Bermuda.

9. Defendant, Eagan Insurance Agency, LLC ("Eagan") is a Louisiana-based limited liability company located in Jefferson Parish. *See*, Pet. at ¶ 4. However, Eagan was improperly joined as a party to this litigation for the purpose of defeating removal. Plaintiffs have no cause of action against Eagan, as evidenced by the lack of any valid claims against Eagan found in Plaintiffs' *Petition*.

10. The 5th Circuit Court of Appeal has held that "the burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 573. In looking at the second option, which is the case here, a court should conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper

joinder. *Id.* In conducting this 12(b)(6) analysis, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor." *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

11. The Louisiana Supreme Court, meanwhile, has found that an insurance agent only owes his customer a duty to use "reasonable diligence" to procure the requested insurance and to inform the insured if the requested insurance was not able to be procured. *Isidore Newman School v. J. Everett Eaves, Inc.*, 2009-2161 (La. 7/6/10), 42 So.3d 352, 356-57.

12. Here, Plaintiffs allege that Eagan "procured a policy issued by Lloyd's of London without doing a proper investigation of the Properties." Pet. at ¶ 8. Specifically, Eagan failed to single out the "attached pool house" as an additional insured building to Plaintiff's policy. *Id.* at ¶¶ 11, 30. However, an insurance agent has no duty under Louisiana law to inspect a property prior to procuring an insurance policy.

13. Moreover, Plaintiffs' claim against Eagan is perempted under La. R.S. 9:5606, which provides:

> "No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue **within one year** from the date of the alleged act, omission, or neglect is discovered or should have been discovered." (emphasis added).

This statute thus requires a plaintiff to file suit against an insurance agent within one year of the plaintiff's knowledge or constructive knowledge of the act, omission, or neglect that led to the cause of action, and no later than three years after the act, omission, or neglect actually occurred. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 670 (5th Cir. 2007). The Fifth Circuit has held that the peremptive period established by this statute begins to run on the day the insured receives a copy of the Policy. *Dynamic Indus., Inc. v. Walaa Coop. Ins. Co.*, 2023 WL 2474220 at * 1 (5th

Cir. 2023). Thus, in the case at bar, the insureds (*i.e.*, Plaintiffs) should have known at the time they received their policy what coverages they had. Plaintiffs failed to bring their claim against Eagan within one year of having constructive knowledge of any deficiencies with respect to their policy. Accordingly, their claim is perempted under 9:5606.

14. Finally, Plaintiffs assert two causes of action in the *Petition*: (1) breach of insurance contract, and (2) bad faith – both of which are directed at Underwriters and not at Eagan. *See,* Pet. at ¶¶ 37, 40. ("Upon information and belief, Defendant (*i.e.,* Underwriters) breached the Policy and/or insurance contract by purposefully and/or negligently: a) failed to properly inspect Properties and single out the "attached pool house" as an additional insured building to Petitioners' policy; b) failed to timely tender proceeds after having received satisfactory proof of loss; c) misrepresented the terms and conditions of the Policy at issue; d) conducted the investigation and claims handling in bad faith; e) manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value; f) failing to adequately pay for losses as required by the Policy, and/or g) failed to include adequate overhead and profit in its estimate of damages.") Pet. at ¶ 37. ("The actions and/or inactions of Defendant (*i.e.*, Underwriters) in failing to adequately compensate Plaintiffs for the covered losses under the Policy were arbitrary, capricious, and without probable cause – as those terms are use din conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendants liable for statutory bad faith penalties.") Pet. at ¶ 40. Plaintiffs thus do not assert any cause of action against Eagan.

15. Plaintiffs have no valid claims under state law against Eagan and Eagan should therefore be dismissed as a defendant. Eagan was improperly named as a party for the sole purpose of defeating removal and, as such, Eagan's citizenship should be disregarded by this Court in establishing diversity jurisdiction.

16. Because Eagan is not a proper party to this litigation, complete diversity of citizenship exists between Plaintiffs and Certain Underwriters.

***The Amount in Controversy Exceeds $75,000.00***

17. Certain Underwriters, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the Petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id*. at 1253-54.

18. Because the Petition is silent as to the exact amount in controversy, Certain Underwriters must (1) show that it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, or (2) set forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002).

19. Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. See *Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *3 (E.D. La. Dec. 19, 2012) ("Claims for attorney's fees and penalties that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been satisfied.").

20. Certain Underwriters issued insurance policy no. JTA450577 to Plaintiff for five properties: (1) 527 Mandeville St., New Orleans, LA 70117; (2) 523 Mandeville St., New Orleans, LA 70117; (3) 533 Mandeville St., New Orleans, LA 70117; (4) 2418 Chartres St., New Orleans,

LA 70117; and (5) 2420 Chartres St., New Orleans, LA 70117 (collectively, the "Properties"). *See*, Declarations Pages attached as Exhibit "C." The total amount of available coverage for the five properties is $2,500,000.00. *Id.*

21. In their *Petition*, Plaintiffs claims that they sustained "significant" property damage to the Properties as a result of Hurricane Ida. *See*, Pet. at ¶ 13. Plaintiffs allege that the storm damaged the roofs, exteriors and interiors of the Properties, allowing water to infiltrate the interior as a direct result of the roof damage and otherwise causing significant damage to and throughout the Properties. *Id.*

22. Plaintiffs further allege that Certain Underwriters, acting though their third-party claims administrator, thereafter inspected the Properties and tendered $3,977.43 for 2420 Chartres St. and $1,628.58 for 527 Mandeville St., but did not tender any payments for the other properties. Pet. at ¶ 19.

23. Plaintiffs then retained an independent adjuster, who identified a total of $254,493.31 in damages to the Properties. Pet. at ¶ 23.

24. Certain Underwriters dispute that Plaintiffs are entitled to recover any amounts for the Properties beyond the payments previously tendered to Plaintiffs.

25. Finally, Plaintiffs claim that they are entitled to statutory penalties, attorney's fees, and costs under La. R.S. 22:1893 and La. R.S. 22:1973. Pet. at ¶¶ 40-48. Thus, the total amount in controversy could be as much as $534,435.95 when penalties and attorney's fees are included.

26. Accordingly, while Certain Underwriters admit no liability nor any element of damages, the amount in controversy related to the alleged property damage, which totals as much as $534,435.95, including statutory penalties and attorney's fees, likely exceeds the jurisdictional threshold of 28 U.S.C. § 1332 with respect to each Syndicate subscribing to the Policy.

**REMOVAL**

27. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens where the Plaintiffs are citizens of Louisiana and are therefore diverse from Certain Underwriters, and the amount in controversy will, more likely than not, exceed the sum of $75,000, exclusive of interests and costs. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

28. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this *Notice of Removal* is being given to Plaintiffs, through service to their counsel of record. A copy of the same is attached hereto as Exhibit "D". Written Notice has also been given to the Clerk of Court for Civil District Court for the Parish of Orleans. A copy of that notice is attached hereto as Exhibit "E."

29. Certain Underwriters have filed with this Honorable Court a copy of the *Petition* filed by the Plaintiff in this action. Certain Underwriters do not possess any other pleadings, process or other papers, other than those attached.

30. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the Civil District Court for the Parish of Orleans, State of Louisiana.

31. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that, to the best of their knowledge, information and belief formed after reasonable inquiry, the foregoing Notice of Removal is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

32. By filing this Notice of Removal, Certain Underwriters do not waive, and hereby reserves all defenses and objections to the Plaintiffs' *Petition*.

33. No special bail or security was or is required in the aforesaid state action.

**WHEREFORE PREMISES CONSIDERED**, Defendants, **CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SEVERALLY SUBSCBRIBING TO POLICY NO. JTA450577**, pray that the above-entitled state court action, now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to the United States District Court for the Eastern District of Louisiana, and that this Court accept jurisdiction of this action.

    Respectfully Submitted

    THE WALTZ LAW GROUP, L.L.C.

    /S/ Matthew D. Fraser
    Jeffery J. Waltz (La. Bar No. 28798), **TA**
    Jill A. Waltz (La. Bar No. 28081)
    Parish J. Tillman (La. Bar No. 37335)
    Matthew D. Fraser (La. Bar No. 31730)
    1100 Poydras Street, Suite 2620
    New Orleans, Louisiana 70163
    Telephone: (504) 264-5260
    Facsimile: (504) 264-5487
    Email: jeff@waltzlawgroup.com
    jill@waltzlawgroup.com
    parish@waltzlawgroup.com
    matt@waltzlawgroup.com
    *Attorneys for Defendants,*
    *Certain Underwriters at Lloyd's, London*

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record through the CM/ECF system and all other parties by email, facsimile, or by placing same in the United States mail, postage prepaid and properly addressed, this 12th day of October 2023.

    /S/ Matthew D. Fraser