UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHATEAU MANAGEMENT, LLC, ET AL. | * | CIVIL ACTION |
| | * | NO. 23-6053 DIV. (2) |
| VERSUS | | |
| | * | MAG. J. CURRAULT |
| UNDERWRITERS AT LLOYD'S, LONDON, ET AL. | * | |

## **ORDER AND REASONS**

This matter was referred to the undersigned for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 19.

Plaintiffs filed this case on December 29, 2022 against Certain Underwriters at Lloyd's (the "Insurers") alleging property damage and bad faith claims handling relating to their Hurricane Ida insurance claim. ECF No. 1-1 at 3. Plaintiffs allege that Eagan Insurance Agency, LLC ("Eagan") procured the policies. *Id.* at 5. After removal, Defendant Eagan filed a Motion to Dismiss under Rule 12(b)(1), arguing that Plaintiff cannot state a claim against it and the one-year peremptive period bars any attempted claim. ECF No. 9. Also pending is Plaintiffs' Motion to Remand, arguing that the insurer improperly removed the action because Eagan Insurance is not diverse and was not improperly joined. ECF No. 12. The insurer Defendants filed an Opposition to Plaintiffs' Motion to Remand. ECF No. 14. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant Eagan Insurance Agency, LLC's Motion to Dismiss is GRANTED and Plaintiffs' Motion to Remand is DENIED for the reasons stated herein.

1

I.  **BACKGROUND**

Defendant Eagan Insurance moves to dismiss Plaintiffs' claims against it under Rule 12(b)(1).  ECF No. 9.  Eagan Insurance argues that Plaintiffs have not alleged any specific cause of action against it, or a breach of any legal duty owed by it to Plaintiffs, and even if they had, any purported claim is perempted under LA. REV. STAT. § 9:5606.  Thus, Eagan Insurance argues it was improperly named as a defendant, its citizenship must be disregarded for purposes of determining whether the court had diversity jurisdiction, and the claims against it should be dismissed without prejudice for lack of subject matter jurisdiction.  ECF No. 9-1 at 1, 4-5.  As to Plaintiffs' claims that Eagan Insurance failed to inspect or investigate the insured's property in relation to coverage for the detached pool house, it argues that Louisiana does not require an agent to inspect or investigate the property; rather, the law requires the insured to request the type of insurance coverage needed and read the policy when received.  *Id.* at 7.  Eagan Insurance also argues that the one-year peremptive period began to run on delivery of the policy on January 12, 2021, or alternatively, on November 13, 2021, when the Insurer's administrator notified Plaintiffs that the pool house was not covered on the policy which, in either case, renders Plaintiffs' December 2022 filing untimely.  *Id.* at 8-10.

Plaintiffs contend they have a claim against Eagan Insurance for errors and omissions in failing to procure the requested insurance coverage because it did not ensure that the policy insured the pool house.  ECF No. 12-1 at 3-4.  Plaintiffs allege that Eagan Insurance procured insurance "without doing a proper investigation" of Plaintiffs' properties.  ECF No. 1-1 ¶ 8 at 5.  Although the petition identifies only claims for breach of insurance contract and bad faith directed to the Insurer rather than to Eagan Insurance (*id.* at ¶¶ 34-48), Plaintiffs do include allegations that they requested coverage for their "single family dwellings, pool house and garage," but Eagan

Insurance "failed to properly inspect the Properties and single out the 'attached pool-house' as an additional insured building . . . ." *Id.* ¶¶ 10-11 at 5-6. Then, after the pool house roof was blown off and sustained damage from Hurricane Ida, the Insurer's adjuster inspected the property on October 13, 2021, and failed to tender payment for same because the pool house was not covered under the policy. *Id.* ¶¶ 13-14, 17, 19, 21(b). Plaintiffs argue that Eagan Insurance's error occurred at the policy renewal on December 29, 2020, but was not apparent to them at that time so prescription did not begin to run until the error was discovered after they filed suit. For that reason, Plaintiffs argue that §9:5606's peremptive period does not bar their claim because they had until December 29, 2023 to file suit. ECF No. 12-1 at 5.

In Opposition, the Insurers argue that Plaintiffs' Motion to Remand filed 150 days after removal is untimely because §1447(c) requires a remand motion be filed within 30 days of removal. ECF No. 14 at 1-3. The Insurers also contend that the court should address Eagan Insurance's motion to dismiss before ruling on remand. *Id.* at 2. Alternatively, the Insurer alleges that Eagan Insurance was improperly joined because Plaintiffs do not assert any cause of action or seek any relief against Eagan Insurance, do not allege any one of the required three elements necessary to assert a claim against an insurance agent, and any claim would be barred by § 9:5606. *Id.* at 4-6. The Insurers argue that the 1-year bar on Plaintiffs' claim for erroneous policy procurement began to run on January 12, 2021, when Plaintiffs received their policy of insurance or at the very latest, on November 13, 2021, when the Insurers' underwriter notified Plaintiffs that the pool house was not covered under the Policy. *Id.* at 6-8.

## II.    APPLICABLE LAW

### A. Diversity Jurisdiction and Removal

Federal courts are courts of limited jurisdiction.[1] For a federal court to have subject matter jurisdiction over an action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a). Generally, a defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). Thus, when a plaintiff files suit in state court but the federal district court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is from the home state.[2]

Diversity jurisdiction (and thus removal) is only permissible if complete diversity exists among all named parties (i.e., each plaintiff must be diverse from each defendant).[3] The burden of establishing subject matter jurisdiction rests on the party seeking to invoke it,[4] so the removing party bears the burden of establishing the existence of federal jurisdiction.[5] At the same time, the Court has an independent duty to ensure that there is subject matter jurisdiction.[6]

"A defect in the district court's subject matter jurisdiction . . . may be raised at any time by the parties or the court itself and cannot be waived."[7] If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). But a motion to remand on the basis of any defect other than lack of subject

---

[1] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[2] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing 28 U.S.C. § 1441(a), (b)).
[3] *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (cleaned up).
[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (cleaned up).
[5] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citation omitted).
[6] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).
[7] *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987) (citing FED. R CIV. P. 12(h)(3)); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). A procedural defect is "any defect that does not go to the question of whether the case originally could have been brought in federal district court."[8] A motion to remand based on lack of subject matter jurisdiction is not a procedural defect and may be made raised at any time.[9]

### B. Improper Joinder

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity."[10] Under this doctrine, removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined nondiverse defendant.[11] When a diverse defendant establishes that the plaintiff has joined an in-state party improperly to defeat diversity jurisdiction, the defendant gains access to the federal courts. If, however, the defendant fails to prove the joinder improper, then diversity is not complete, the defendant is not entitled to remove, and the case must be remanded.[12]

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[13] Under this second prong, the standard is "whether the defendant has demonstrated that

---

[8] *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *see also Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) (holding that a statutory restriction against removal was a waivable procedural defect).
[9] *Baris*, 932 F.2d at, 1546 ("It is beyond doubt that although the parties can waive defects in removal, they cannot waive the requirement of original subject matter jurisdiction—in other words, they cannot confer jurisdiction where Congress has not granted it.").
[10] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005); *see also Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (stating, "The [improper] joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.") (citation omitted).
[11] *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006) (citation omitted).
[12] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575-76 (5th Cir. 2004) (en banc).
[13] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (noting that improper joinder requires a showing of either outright fraud in plaintiff's pleading of jurisdictional facts or that there is absolutely no possibility that plaintiff will be able to establish a cause of action against the non-diverse defendant in state court).

there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant."[14]

The improper joinder analysis is conducted on the basis of claims presented in the state court complaint as it exists at the time of removal and will not consider new theories not raised in state court.[15]  And the federal pleading standard, not state standard, applies when determining whether a nondiverse defendant has been improperly joined.[16]  Under the federal standard, the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Id*. at 200, 208.  The court ordinarily conducts a Rule 12(b)(6)-type analysis but, if the complaint has omitted discrete facts, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry by examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants.[17]  Such a summary inquiry only confirms improper joinder where the removing defendant presents evidence that "negate[s] a possibility of liability."[18]

If the removing "defendant fails to prove the [nondiverse defendant's] joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated."[19]  If, on the other hand, the court finds the non-diverse party has been improperly joined, then the court never has jurisdiction over a nondiverse party and the claims against the non-diverse party must dismissed without prejudice.[20]

---

[14] *Smallwood*, 385 F.3d at 573.
[15] *Palmquist v. Hain Celestial Grp., Inc*., 103 F.4th 294, 301 (5th Cir. 2024) (citing *Griggs*, 181 F.3d at 699).
[16] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 200-02 (5th Cir. 2016).
[17] *See Larroquette v. Cardinal Health 200, Inc*., 466 F.3d 373, 376 (5th Cir. 2006).
[18] *Davidson v. Georgia-Pacific, L.L.C*., 819 F.3d 758, 766-67 (5th Cir. 2016) (quoting *Travis*, 326 F.3d at 650).
[19] *Smallwood*, 385 F.3d at 575.
[20] *Int'l Energy*, 818 F.3d at 209; *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1049 (5th Cir. 2021).

### III. ANALYSIS

#### A. Plaintiffs' Motion to Remand is not Untimely

Initially, the court rejects the Insurers' contention that Plaintiff's remand motion is untimely because Plaintiff failed to file same within 30 days of removal. Section 1447(c) plainly states that "[a] motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). Subject matter jurisdiction is a statutory requirement and "[a] party does not waive the requirement by failing to challenge jurisdiction early in the proceedings."[21] Likewise, the doctrine of improper joinder implements the court's "duty to not allow manipulation of our jurisdiction."[22]

Because Defendants removed on the basis of diversity jurisdiction due to fraudulent joinder, Plaintiff's motion to remand is not based on a procedural defect, but instead, on whether this Court lacks subject matter jurisdiction.[23] Thus, the remand motion is for lack of subject matter jurisdiction, not a procedural matter that must be raised within thirty days of removal.[24]

#### B. Plaintiffs' Claims Against Eagan Insurance are Perempted

In Louisiana, the scope of liability for which an insurance agent may be subject is extremely narrow.[25] To state a claim against an insurance agent, the insured must establish (1) the agent agreed to procure the insurance; (2) the agent failed to use "reasonable diligence" in attempting to

---

[21] *Mitchell L. Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 422 (5th Cir. 2021) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).
[22] *Smallwood*, 385 F.3d at 576.
[23] *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993) ("Only in the case of a lack of subject matter jurisdiction—such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal—may the plaintiff object to removal after the thirty-day limit."); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) ("[A] 'procedural' defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court.").
[24] *See Baris*, 932 F.2d at 1540; *see also Gerrets v. Cap. One Nat'l Ass'n*, No. 21-2387, 2022 WL 2160387, at *7 (E.D. La. June 15, 2022).
[25] *3M Realty, LLC v. Scottsdale Ins. Co.*, No. 22-2883, 2023 WL 5478413, at *4 (E.D. La. Aug. 24, 2023).

7

procure the insurance and failed to notify the client promptly that the agent did not obtain insurance; and (3) the agent acted in such a way that the client could assume he was insured.[26] An agent's duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage.[27]  Indeed, absent a specific question, an agent has no duty to advise a client that it is underinsured; rather, it is the policy owner's responsibility to request the type and amount of insurance coverage needed, to read the policy once received, and to understand its contents.[28]

Further, Louisiana requires insureds who wish to sue their insurance broker do so "within one year from the date that the alleged act, omission, or neglect" or within one year from the date the alleged act, omission, or neglect is discovered or should have been discovered.[29] "Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry."[30]  And because Louisiana law imposes on the insured the duty to read and know its insurance policy provisions, a claim for failure to procure coverage generally runs from receipt of a copy of the policy.  Thus, if the policy did not cover the pool house, Plaintiffs should have discerned that from reading the delivered policy.[31]

In Opposition, and presumably in response to the constructive notice assertion, Plaintiffs raise a similar argument to that presented in *Dynamic*.  They argue that the policy either omits coverage (in which case Eagan is liable for failing to procure coverage) or  the policy offers

---

[26] *Id.* (citations omitted).
[27] *Id.* (citing *Isidore Newman Sch. v. J. Everett Eaves, Inc.,* 42 So. 3d 352, 359 (La. 2010) (internal citations omitted)).
[28] *Id.* (citing *Newman*, 42 So. 2d at 357, 359).
[29] LA. REV. STAT. § 9:5606; *Campbell v. Stone Ins., Inc*., 509 F.3d 665, 670 (5th Cir. 2007); *see also Dynamic Indus., Inc. v. Walaa Cooperative Ins. Co*., No. 22-30033, 2023 WL 2474220 (5th Cir. Mar. 13, 2023).
[30] *Dynamic Industries, Inc. v. Metlife-American Int'l Group – Arab Nat'l Bank Coop. Ins. Co*., No. 21-748, 2021 WL 5961326 (E.D. La. Dec. 16, 2021) (citing *TCI Packaging, LLC v. HUB Int'l Midwest Ltd*., No. 19-10861, 2020 WL 730329, at *5 (E.D. La. Feb. 13, 2020) (quoting *Campo v. Correa*, 2001-2707, p. 12 (La. 6/21/02); 828 So. 2d 502, 510-11)), *aff'd in part, rev'd in part*, *Dynamic Industries, Inc. v. Walaa Cooperative Ins. Co*., No. 22-30033, 2023 WL 2474220 (5th Cir. Mar. 13, 2023).
[31] *Dynamic*, 2023 WL 2474220 at 1.

coverage (in which case the Insurer has breached its duty and must honor the coverage). ECF No. 12-1 at 4. As the Fifth Circuit stated when faced with that argument:

> For purposes of asserting its in-the-alternative claims against [the agent], then, [Plaintiff] asks us to assume that the policy omitted coverage. Yet if we must assume that omission, so must [Plaintiff]. And any such omission was present when [Plaintiff] received the policy. [Plaintiff] also argues that it was "lulled into complacency" by [the agent's] "assurances" regarding the policy's coverage. This argument against constructive notice fails because [Plaintiff] does not allege any factual basis (beyond the policy's mere issuance) that would justify the trust that it claims to have placed in [the agent].[32]

Regardless, and accepting Plaintiffs' contention that the one-year period would run from renewal of the policy on December 29, 2020, rather than when initially issued,[33] Plaintiffs do not dispute that the policies were delivered on January 12, 2021. Nor do Plaintiffs dispute that the Insurers notified them that the pool house was not covered when denying coverage by letter dated November 13, 2021. Thus, Plaintiffs had notice, or at least constructive notice, of any claim for negligent procurement against Eagan Insurance over thirteen months before filing suit on December 29, 2022. Therefore, Plaintiffs' claim against Eagan Insurance is perempted by LA. REV. STAT. § 9:5606. For these reasons, Plaintiffs have no possible basis for recovery against Eagan Insurance and Plaintiffs' claim against it should be dismissed without prejudice.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Eagan Insurance Company, LLC's Motion to Dismiss Pursuant to Rule 12(b)(1) is GRANTED and Plaintiffs' claims against Eagan are dismissed without prejudice.

---

[32] *Dynamic*, 2023 WL 2474220, at *1 (citing *Motors Ins. Co. v. Bud's Boat Rental, Inc*., 917 F.2d 199, 205 (5th Cir. 1990); *TCI Packaging*, 2020 WL 730329, at *5; *see also Campbell*, 509 F.3d at 670).

[33] In *Campbell v. Stone Ins. Co*., 509 F.3d 665, 670 (5th Cir. 2007) (stating "The fact that the plaintiffs may have renewed the insurance policy each year does not restart the one-year peremptive period."); *see also Fidelity Homestead Assoc. v. Hanover Ins. Co*., 458 F. Supp. 2d 276, 278 (E.D. La. 2006) (stating that renewals do not operate to restart peremption unless the renewal is a separate tort that constitutes separate and distinct acts). At least one court has questioned whether earlier trial court decisions relying on the renewal dates remain viable after *Campbell*. *See Dynamic Industries, Inc*., 2021 WL 5961326, at *10.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand is DENIED.

Dated this ___13th___ day of August, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE